Thomas Larry HENRY

v.

DON WOOD VOLKSWAGEN, INC., and Volkswagen South Atlantic Distributors, Inc.

Court of Appeals of Tennessee, Eastern Section.

Nov. 26, 1974.

Certiorari Denied by Supreme Court Aug. 4, 1975.

Weill, Ellis, Weems & Copeland, Chattanooga, for Volkswagen South Atlantic Distributors, Inc.

Luther, Anderson, Ruth & Cleary, Chattanooga, for Don Wood Volkswagen, Inc.

Gearinger, Bowles & Petty, Chattanooga, for Thomas Larry Henry.

## OPINION

SANDERS, Judge.

Both sides have appealed from a chancellor's decree awarding damages for the breach of warranty on a Volkswagen automobile.

The Plaintiff, Thomas Larry Henry, purchased a new 1973 model Volkswagen sedan from the Defendant, Don Wood Volkswagen, Inc., hereinafter referred to as Dealer, on December 7, 1972. Four days later, on December 11, 1972, the wiring under the dashboard caught fire resulting in extensive damages to the automobile.

The day following the fire the automobile was returned to the Dealer and the Plaintiff talked with Mr. Don Wood, the president of the Dealer, about repairing the car. Don Wood told the Plaintiff that he would have to check with the Defendant, Volkswagen South Atlantic Distributors, Inc., hereinafter referred to as Distributor, to ascertain whether or not the damage was covered by warranty, He further told the Plaintiff that before he would make the repairs the Plaintiff would have to sign a work order agreeing that if the damage was not covered by the warranty then the Plaintiff would pay the cost of repairs.

The Plaintiff refused to sign the work order and informed Don Wood that he would see his attorney.

Plaintiff filed suit in the Chancery Court of Hamilton County seeking to revoke acceptance of the automobile under T.C.A. § 47–2–608 and recover the purchase price and incidental damages. In the alternative, the Plaintiff seeks damages against the Dealer for breach of warranty.

Plaintiff also alleges that the Defendant Distributor is the wholesale distributor of Volkswagens and that it maintains control over Volkswagen dealers, including the Defendant Dealer, and it induced the Dealer to breach its contract of warranty to the Plaintiff and seeks treble damages against the Distributor under T.C.A. § 47–15–113.

The case was tried before The Honorable Herschel P. Franks, Chancellor, who found the issues in favor of the Plaintiff and against the Defendants. The Chancellor awarded a judgment against both Defendants for $521.04 which was the estimated cost of repairs to the car. He also awarded a judgment against the Defendant Distributor for $1,563.12 as treble damages under T.C.A. § 47–15–113 and taxed all of the cost to the Distributor.

He dismissed the Plaintiff's suit wherein he sought to revoke acceptance under T.C.A. § 47–2–608.

The Defendant Distributor has appealed and assigned error. The Plaintiff has also appealed and assigned error as to the action of the Chancellor in denying his revocation of acceptance.

Defendant says that it was error for the Court to hold it jointly liable with the De-

fendant Dealer for the estimated cost of repairs; that it was error for the Court to hold it liable for treble damages under T.C.A. § 47–15–113; and that it was error to tax it with all of the cost.

The proof shows that the Dealer is a corporation which operates a Volkswagen dealership in Hamilton County under a franchise issued to it by the Distributor. The Distributor is also a corporation which has the distributorship for Volkswagen in several Southern states by virtue of its agreement with Volkswagen of America, Inc., a corporation which imports automobiles from the manufacturer in Germany.

All new Volkswagens sold by an authorized dealer carry an express warranty by Volkswagen of America, Inc. The only contract which the Plaintiff had with the Dealer was in a document entitled "Vehicle Order" which set forth the terms of the sale. On the face of this instrument there is printed in red letters the following: "Every new Volkswagen vehicle is warranted by Volkswagen of America, Inc. in accordance with the terms of the warranty printed on the reverse side of this order. Except for such warranty neither the dealer, nor the manufacturer, importer or distributor of Volkswagen vehicles, makes any warranty, whatsoever, express or implied, as to the vehicle sold or the condition thereof, including, but not by way of limitation, merchantability of the vehicle or its fitness for any particular purpose."

A copy of the warranty is also printed on the back of this instrument and the warranty repeats the substance of the above. The warranty warrants material and workmanship against defects for a period of 24 months or 24,000 miles. As pertinent here, the warranty also provides that it does not cover " . . . damages for defects due to the repair of the vehicle by someone other than an authorized Volkswagen dealer or the installation of parts other than genuine Volkswagen parts . . . ."

The proof shows that after the damage to the vehicle had been reported a Mr. John Lane, an employee of Volkswagen of America, Inc., made an examination of the automobile and an investigation for the purpose of determining whether or not the vehicle was covered by the warranty. As a result of his examination of the automobile and his investigation, Mr. Lane concluded the damage to the Volkswagen fell within the exclusion of the warranty. Consequently, the Dealer was not authorized, either by the Distributor or Volkswagen of America, to repair the car.

The proof shows that after the Dealer received the automobile from the Defendant Distributor and before selling it to the Plaintiff, it installed a radio in the car. At the time the fire occurred the radio was on and as the car was being driven across some railroad tracks the radio quit playing and smoke and fire started pouring out over the top of the radio.

There were considerable differences of opinion among the witnesses as to what caused the fire. The Plaintiff and the Dealer insist that the fire resulted from a faulty headlight switch which, if true, would bring the damage within the coverage of the warranty. The Distributor contended that the radio had been improperly installed and bounced up against exposed wiring and caused the fire; also that the radio which had been installed was not a genuine Volkswagen part and, since it caused the fire, the warranty did not cover the damage.

Witness Lane based his conclusion that the radio was not a genuine Volkswagen part upon three things: (1) The ticket that was made up when the parts department issued the radio to the mechanic for installation carried the number 1444, which is not a Volkswagen part number; (2) At the time Mr. Lane examined the automobile the radio had been removed, having been pulled out during the fire, but the speaker for the radio was still intact and it was not a Volkswagen part; (3) The timecard shows that the mechanic took more than twice the time normally required to install a radio.

The Chancellor found that the fire was the result of a faulty headlight switch and the damages were covered by the warranty. We think the evidence supports the Chancellor's finding on this fact.

The finding that the damage is covered by the warranty is further buttressed by the fact that the radio was installed by an authorized Volkswagen dealer and it was a genuine Volkswagen part. The speaker was not a Volkswagen part but the proof established that it was not related to the fire.

The Chancellor filed a memorandum opinion in which he set forth his conclusions, but we find it difficult to determine the rationale upon which he based his conclusion that the Distributor was liable for treble damages under T.C.A. § 47–15–113 and that the Plaintiff should be awarded damages for the cost of repairs rather than to recover under T.C.A. § 47–2–608.

The Court's memorandum opinion, as pertinent here, is as follows: "The Court finds that the damage to the automobile comes within the provisions of the written warranty heretofore referred to and could be reasonably repaired for $521.04. The Court further finds that it was the dealer's duty under its agreement with Volkswagen of America, Inc. (see Exhibit 23, Warranty and Policy, Section 2.2–1, 2.2–2) and with its distributor (see Exhibit 22, pages 25 and 26) to make repairs pursuant to the warranty provision. Judgment will be entered against the defendant-dealer for the amount of reasonable repairs as hereinabove noted.

"The dealer predicated its refusal to make repairs on the advices given it by the distributor. At the trial of the case the distributor relied upon the warranty defense that the fire was caused by a defective radio, which was installed by the defendant-dealer, and that the radio was not a genuine Volkswagen part. The following exclusion is found in the warranty:

‘ . . . damage or defects due to the repair of the vehicle by someone other than an authorized Volkswagen dealer or the installation of parts other than genuine Volkswagen parts;'

The Court finds from the evidence that, had the fire occurred in the radio (as defendant-distributor contends), this damage would likewise be under the warranty. The Court, therefore, concludes that the refusal of the defendant-distributor to authorize repairs when presented with the question by the defendant-dealer amounted to a misrepresentation and an inducement to breach the warranty, and a joint judgment will be entered against the defendant-distributor for the reasonable repairs, as heretofore set forth, plus treble damages in accordance with T.C.A. 47–15–113, together with the costs of the cause.

"The Court finds that rescission of the contract is not a proper remedy in this cause and, being an independent cause of action, will be dismissed."

Upon reading Exhibits 22 and 23 referred to by the Chancellor, we find nothing in either which imposed a duty on the Dealer to the Plaintiff which was violated. These exhibits pertain to matters between the Dealer and the Distributor and the Dealer and Volkswagen of America, Inc. They are not contracts between the Dealer and the Plaintiff.

The Chancellor was in error in holding that the refusal of the Distributor to authorize repairs induced a breach of warranty by the Dealer. The Dealer had no warranty contract with the Plaintiff. The contract was between the Plaintiff and Volkswagen of America, Inc.

One of the mysteries of this lawsuit is why the Plaintiff failed to make Volkswagen of America a party defendant if he desired to rely on breach of warranty. It is axiomatic that before the Distributor could be held liable for treble damages under T.C.A. § 47–15–113, there must have been a contract between the Plaintiff and the Dealer to be breached. There being none, there can be no liability for its breach.

The Defendant's assignment of error to the action of the Chancellor in holding it liable for treble damages is, accordingly, sustained.

This brings us to the Plaintiff's assignment of error which he asked that we consider should we sustain the Defendant's assignment of error.

Plaintiff insists it was error for the Chancellor to dismiss the portion of his complaint which seeks revocation of acceptance of the purchase of the Volkswagen under T.C.A. § 47–2–608, which provides as follows:

"*Revocation of Acceptance in Whole or in Part.*—(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it

"(a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

"(b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

"(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

"(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them. [Acts 1963, ch. 81, § 1 (2–608).]"

The proof shows that the damage to the Volkswagen occurred on December 11. The automobile was returned to the Dealer the next day. The Dealer informed the Plaintiff it would not repair the automobile unless the Plaintiff signed a work order in which he agreed to pay the cost of repairs if they were not covered by the warranty. The Plaintiff refused to sign the work order but left the automobile with the Dealer. On December 27, 1972, the Dealer advised Plaintiff's counsel that it had been decided the damage was not covered by the warranty and nothing could be done about fixing the automobile. On January 25, 1973, the Plaintiff, through his attorney, notified the Defendant he was revoking his acceptance of the Volkswagen under T.C.A. § 47–2–608 and demanded a refund of the purchase price of $2,398.31.

■ Clearly, this case falls within the provisions of T.C.A. § 47–2–608. *Moore v. Howard Pontiac-American, Inc.*, Tenn.App., 492 S.W.2d 227.

The fire substantially impaired the value of the Volkswagen. The defect was such that it would have been virtually impossible for the Plaintiff to discover it before acceptance of the vehicle. The revocation of acceptance was within a reasonable time after the damage occurred and no substantial change in the condition of the vehicle occurred between the date of the fire on December 11, 1972, and the date of revocation on January 25, 1973, when the Plaintiff gave notice of revocation to the seller.

The Plaintiff's assignment of error is sustained and the verdict of the Chancellor in dismissing the Plaintiff's complaint, insofar as it seeks revocation of the purchase of the Volkswagen, is reversed.

It follows that the judgment of the Chancellor against the Defendants for the cost of repairs and assessment of the cost in the Trial Court to the Defendant Distributor must also be reversed.

The case is remanded generally and for the entry of a decree in keeping with this opinion.

The cost of this appeal, together with the cost of the Trial Court, is taxed to the Appellant, Don Wood Volkswagen, Inc.

PARROTT, P. J. (E.S.), and GODDARD, J., concur.